UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    555 Fourth St., N.W.<br>    Washington, D.C.  20530<br><br>                    Plaintiff,<br><br>         v.<br><br>$8,915.00 IN UNITED STATES CURRENCY,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>) Civil Action No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

*COMES NOW*, plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to bring this verified complaint in a civil action *in rem* for defendant's forfeiture to plaintiff.  As grounds wherefore, plaintiff respectfully states as follows:

### NATURE OF THE ACTION AND DEFENDANT *IN REM*

1.  This is a civil action *in rem* to forfeit and condemn to the use and benefit of plaintiff United States of America the defendant funds of $8,915.00 in U.S. currency, $3,500.00 of it seized on or about March 8, 2006 in the District of Columbia after Larry Clemons ("Mr. Clemons") was arrested, and $5,415.00 seized from Mr. Clemons' residence a specific address located in the 800 block of Jefferson Street, N.W., Washington, D.C.  Plaintiff brings this action pursuant to 21 U.S.C. § 881(a)(6).

### JURISDICTION, VENUE, AND GOVERNING LAW

2.  This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345 because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a),

because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress. Venue is proper in this district by virtue of 28 U.S.C. § 1355(b)(1) because this is a forfeiture action or proceeding brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, and by virtue of 28 U.S.C. § 1395 because a civil proceeding for the forfeiture of property may be prosecuted in the district in which the property is found.  The property to be forfeited now is located in the District of Columbia in the control of an agency of the United States government, having been deposited into the Seized Asset Deposit Fund Account, which the U.S. Marshals Service ("USMS") administers.

3. This civil action *in rem* for forfeiture is governed by 21 U.S.C. § 881, 18 U.S.C. § 983, the Federal Rules of Civil Procedure, and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, particularly Rule G.

## STATEMENT OF FACTS

4. In November, 2005, an individual known to the Federal Bureau of Investigation ("FBI") purchased narcotics from Mr. Clemons at his residence located in the 800 block of Jefferson Street N.W., Washington, D.C.

5. In February and early March 2006, Mr. Clemons discussed purchasing heroin from the individual.  Mr. Clemons agreed to pay $75 per gram of heroin and to give the individual a down payment at the time of the exchange.  Mr. Clemons agreed to pay the balance of the purchase price at a later date.

6. On or about March 7, 2006 and March 8, 2006, the FBI monitored two telephone conversations between Larry Clemons and the individual.  In those conversations, Mr. Clemons arranged to buy 110 grams of heroin from the individual at a pre-arranged location.

7. On or about March 8, 2006, at a location in the District of Columbia, Mr. Clemons met with the individual and gave the individual $3,500.00 in U.S. currency for 110 grams of heroin. After the controlled sale, Mr. Clemons was arrested and charged with a narcotics violation, possession with the intent to distribute a controlled substance-heroin (which offense is a violation of 21 U.S.C. § 841, a provision of the Controlled Substances Act).

8. On or about March 8, 2006, after Mr. Clemons' arrest, law enforcement officers executed a search warrant at Mr. Clemons' residence located at a specific address in the 800 block of Jefferson Street, N.W., Washington, D.C. Mr. Clemons' residence was an apartment.

9. From the apartment, law enforcement officers recovered a total of $5,415.00 in U.S. currency from Mr. Clemons' bedroom closet.

10. Law enforcement officers also found in Mr. Clemons' bedroom a green Rolex box containing 14 small ziplock bags containing suspected heroin, a DVD case with one ziplock bag of suspected heroin, and clear plastic bags containing white powder.

11. Law enforcement officers found a large bottle of Manitol, a cutting agent used to dilute narcotics for further sale.

12. Law enforcement officers found two digital scales, one with apparent drug residue.

13. Law enforcement officers found two metal weights with similar residue.

14. Law enforcement officers found drug paraphernalia used to package illegal substances, including two boxes of small ziplock bags.

15. Upon information and belief, Mr. Clemons earned no significant income from lawful employment at the time leading up to his arrest.

16. After the FBI took custody of the defendant $8,915.00, the FBI began procedures to

forfeit the defendant funds to the United States government by an administrative, non-judicial process, and the FBI gave notice of this to Larry Clemons.

17. On or about October 6, 2007, the FBI received a written claim of ownership of the defendant funds from Larry Clemons. After receiving this claim, the FBI halted the administrative forfeiture process and referred the matter for forfeiture through the judicial process.

18. A record check reveals that Mr. Clemons has a 1998 conviction for distribution of a controlled substance-heroin in the Superior Court for the District of Columbia.

## COUNT ONE

19. The factual statements made in paragraphs 1 through 18 are re-alleged and incorporated by reference herein.

20. Plaintiff brings this *in-rem* civil action because 21 U.S.C. § 881(a)(6) makes subject to forfeiture to the United States and declares that no property right shall exist in "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation" of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, and "all proceeds traceable" to an such an exchange. 21 U.S.C. § 841(a)(1) declares that it is unlawful to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, controlled substances, including heroin.

21. The defendant funds constitute proceeds traceable to an exchange of money or other things of value for a controlled substances on one or more occasions in violation of the Controlled Substances Act, specifically, 21 U.S.C. § 841. As such, the defendant funds is subject to forfeiture to the United States.

WHEREFORE, the plaintiff prays that, as to the above-referenced defendant funds, due process issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant funds be condemned as forfeited to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,

_/s/_____
JEFFREY TAYLOR
UNITED STATES ATTORNEY
District of Columbia Bar No. 498610


_/s/_____
WILLIAM R. COWDEN
Assistant United States Attorney
District of Columbia Bar No. 426301


_/s/_____
DIANE G. LUCAS,
Assistant  United States Attorney
District of Columbia Bar No. 443610
555 4th St., N.W., Room 4822
Washington, D.C. 20530
(202) 514-7912
Diane.Lucas@usdoj.gov

**VERIFICATION**

I, Timothy S. Pak, Acting Supervisory Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me or furnished to me by law enforcement agents and that everything contained in this Complaint is true and correct to the best of my knowledge and belief.

Executed on this 4th day of January, 2008.

                                                                                     /s/_____
                                                                                     Timothy S. Pak
                                                                                     Acting Supervisory Special Agent
                                                                                     Federal Bureau of Investigation

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS<br>United States of America | DEFENDANTS<br>$8,915.00 in United States Currency |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>William R. Cowden<br>Diane G. Lucas          (202) 514-7912<br>555 4th St., NW, 4th Flr.<br>Washington, DC 20530 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## ☒ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| Real Property<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>Personal Property<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | Bankruptcy<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | Forfeiture/Penalty<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☒ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
21 U.S.C. § 881(a)(6), civil forfeiture in violation of 21 U.S.C. § 841, the Controlled Substances Act.

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  **DEMAND $**  Check YES only if demanded in complaint  **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO  If yes, please complete related case form.

**DATE** 1/4/08   **SIGNATURE OF ATTORNEY OF RECORD** DIANE G. LUCAS
Assistant U.S. Attorney

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.